IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORT HARRISON VETERANS RESIDENCES, LP, | **CV-24-37-H-BMM** |
| Plaintiff, | **ORDER** |
| vs. | |
| MONTANA DEPARTMENT OF COMMERCE, in its official capacity and as a federally designated public housing agency, | |
| Defendants. | |

**INTRODUCTION**

Fort Harrison Veterans Residences, LP ("FHVR") filed a complaint against the Montana Department of Commerce ("MDOC") on June 11, 2024. (Doc. 1.) MDOC filed a motion to dismiss on July 2, 2024, for failing to join the United States Department of Housing and Urban Development ("HUD") as a defendant. (Doc. 15.) FHVR opposes the motion. (Doc. 19.)

1

## BACKGROUND

FHRV, a Florida limited partnership, filed a lawsuit against MDOC in its official capacity as a public housing agency ("PHA") under the United States Housing Act of 1937. (Doc. 1 at 1.) FHVR owns a residential development at Fort Harrison, in Helena, Montana, that provides affordable housing to veterans through a federal housing program. (*Id.* at 2.) MDOC entered a Housing Assistance Payment ("HAP") contract with FHVR to administer federal funds for veteran tenant rent payments. (*Id.*)

A tenant reported potential lead-based paint exposure in one of FHVR's units in September 2021. The report prompted FHVR to undertake remedial measures. (*Id.*) MDOC halted HAP payments for multiple units. MDOC's decision to halt HAP payments for multiple units prompted FHVR to seek declaratory judgment and damages for breach of contract. (*Id.*) FHVR claims that MDOC unlawfully applied federal rules and standards, conducted unauthorized inspections, and breached the federal contract. (*Id.*)

FHVR developed or rehabilitated 42 units on the property, including some units in historical buildings dating back to 1895. (*Id.* at 3.) MDOC, as a PHA, stands responsible for administering funds for federally assisted housing under Section 1437f of the Housing Act of 1937. (*Id.* at 4.) FHVR alleges that HUD never directed MDOC to withhold HAP payments. (*Id.* at 19.) FHVR argues that

MDOC lacks lawful authority to cease payments. (*Id.* at 19.) FHVR seeks a judicial declaration of the parties' rights and obligations under the PBV HAP contract and applicable federal laws. (*Id.* at 25.)

## STANDARD OF REVIEW

A court must join parties that "claim[] an interest relating to the subject of the action" and are "so situated that disposing of the action in the person's absence" may "impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B). Where such a party cannot be joined, the court must consider "whether, in equity and good conscience, the action should proceed." Fed. R. Civ. P. 19(b). The Ninth Circuit asks the following questions to determine whether a complaint should be dismissed for failure to join an indispensable party: (1) whether the absent parties are necessary; (2) whether they cannot be joined; and (3) whether the absent parties are indispensable. *Dawavendewa v. Salt River Project Agric. Improvement and Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002).

A party is considered necessary in the following circumstances. First, if, in the party's absence, the court cannot accord complete relief among existing parties. Second, a party is necessary if the party claims an interest relating to the subject of the action and is so situated that disposing of the action in the party's absence may impair or impede the party's ability to protect that interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010) (internal quotations and citation omitted).

## DISCUSSION

### I.  Whether HUD is an Indispensable Party

MDOC argues that HUD represents an indispensable party because MDOC could face conflicting obligations without HUD's involvement. (Doc. 16 at 5–6.) MDOC bases this argument on The Freedom's Path project being subject to housing quality standards ("HQS"). (*Id.* at 8–9.) These standards include addressing lead hazards. (*Id.*) MDOC contends that it must inspect the property and enforce compliance with HQS. MDOC suggest that this duty includes withholding HAP for non-compliance. (*Id.* at 9–11.) MDOC argues that HUD could impose penalties if MDOC pays HAP despite non-compliance. (*Id.* at 11.) FHVR disagrees. FHVR argues that its request for declaratory judgment only seeks to clarify which federal regulations apply, not to challenge HUD's regulations or authority. (Doc. 19 at 6–7.) The Court agrees with FHVR that HUD is not an indispensable party.

"[T]here is no precise formula" when determining whether joinder is required under Rule 19. "The determination is heavily influenced by the facts and circumstances of each case." *N. Alaska Env't Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986) (quoting *Bakia v. County of Los Angeles,* 687 F.2d 299, 301 (9th Cir.

1982) (per curiam)). MDOC relies predominantly on two cases to support their argument. (Doc. 16 at 6.) Both cases prove distinguishable.

The defendants in *Wilson v. Seattle Housing Authority* moved to join HUD as an indispensable party. 2009 WL 10676290 at *1 (W.D. Wash. Aug. 10, 2009). The plaintiffs challenged Seattle Housing Authority's ("SHA") actions by alleging that SHA "created an informal hearing process that violate[d] [SHA's] obligations under the Constitution and HUD's regulation." *Id.* at * 3. The plaintiffs argued that SHA's failure to provide transcripts of these informal hearings and other protections violated their due process rights. *Id.* The court determined HUD to be a necessary party because the "[p]laintiffs are actually seeking adjudication of the constitutional validity of HUD's regulations." *Id.* The court found it likely that if granted, the relief requested by the plaintiffs would, at a minimum, "impose additional administrative costs which will require HUD to either provide additional funding or reduce Section 8 benefits for residents in the jurisdiction." *Id.*

*Boles v. Greeneville Hous. Auth.* involved a challenge to Greenville Housing Authority's ("GHA") urban renewal project. 468 F.2d 476, 477 (6th Cir. 1972). The plaintiffs pursued a class action seeking declaratory and injunctive relief about a partially completed Urban Renewal Project in Greeneville, Tennessee, that had been approved by HUD for federal funding. *Id.* The district court denied the claims.

The Sixth Circuit reversed. The Sixth Circuit reasoned that because HUD had already approved the plan, the plaintiffs were attacking "HUD's administrative decision to approve the plan" in addition to HUD guidelines. *Id.* at 479. The Sixth Circuit hesitated "to set the precedent of allowing the policies and practices of HUD or any other federal agency to be overhauled by the judiciary without at least affording the agency the opportunity to be heard in support of its present operation." *Id.* HUD proved to be an indispensable party under those circumstances. *Id.* at 480.

*Chesir v. Hous. Auth. of City of Milwaukee* also proves instructive. 801 F. Supp. 244 (E.D. Wis. 1992). The plaintiffs in *Chesir* were on a waiting list for Section 8 housing. *Id.* at 246. The plaintiffs were issued a Section 8 voucher that was valid for 60 days. *Id.* at 246–47. The plaintiffs were unable to secure housing before the expiration of the voucher. *Id.* The Housing Authority of City of Milwaukee ("HACM") interpreted HUD regulations to mean that the plaintiffs' vouchers terminated after the 60 days. *Id.* The plaintiffs challenged HACM's interpretation of HUD regulations. *Id.* at 248.

HACM argued that HUD was a necessary party because "if the plaintiffs win the declaratory issues HUD will have to alter how it enforces the regulations or HACM could be subject to inconsistent obligations and that if HACM is ultimately found monetarily liable to the plaintiffs HUD might not authorize it to pay damages." *Id.* The court determined that the plaintiffs had "no dispute with HUD regulations or

6

HUD actions." *Id.* HUD was not a necessary party. *Id.* "HUD's regulations and responsibilities [would] not be altered" if the plaintiffs prevailed. *Id.*

One other case offers guidance. *German v. Fed. Home Loan Mortg. Corp.* involved a class action brought by apartment residents against landlords for alleged failure to remove lead paint. 885 F. Supp. 537, 544–47 (S.D.N.Y. 1995). Among the various defendants, the New York City Housing Authority ("NYCHA") received and administered Section 8 funds as a PHA. *Id.* at 544–45. NYCHA moved to dismiss the action for failure to join HUD as an indispensable party. *Id.* at 564.

The court found that HUD was not an indispensable party. *Id.* at 580. The court noted, in reaching its finding, that the major question is whether the court's decision would impair the rights of HUD. *Id.* at 579 (internal citation omitted). The plaintiffs alleged that NYCHA had failed to meet its obligations under the Lead Paint Poisoning Prevention Act. *Id.* at 580. The court reasoned that such an allegation does not "necessitate modifications of HUD's policies." *Id.* HUD was not an indispensable party because NYCHA could not provide any "concrete examples of which HUD policies would require modification." *Id.*

The posture and facts of these cases do not align identically with the present case. The reasoning as to why HUD is not an indispensable party still applies. FHVR does not seek to challenge HUD's regulation or administrative actions as in *Wilson* and *Boles*. (*See* Doc. 1.) FHVR seeks declaratory judgment as to which HUD

7

regulations apply. (*Id.*, ¶¶ 104–112.) If FHVR prevails, like in *Chesir*, such a declaration will not alter the substance of HUD's regulations or the process by which the regulations are applied. Such a declaration simply would determine which HUD regulations apply to MDOC. 801 F. Supp. at 248. Similarly, a declaratory judgment would not "necessitate modifications of HUD's policies." *German*, 885 F. Supp. at 580.

The Court also finds MDOC's argument that a declaratory ruling will lead to inconsistent obligations lacks merit. MDOC's concern proves speculative. (*See* Doc. 19 at 14.) FHVR is not challenging HUD's regulations or seeking to alter HUD's responsibilities. FHVR instead requests a declaration on the correct application of existing regulations. This request does not inherently create conflicting obligations for MDOC. The Court's decision will clarify MDOC's obligations under the HAP contract and thereby ensure compliance with the appropriate regulatory framework.

## CONCLUSION

The Court determines that HUD is not an indispensable party because FHVR does not challenge the validity of HUD regulations. FHVR instead seeks a declaratory judgment regarding what HUD regulation applies.

Accordingly, **IT IS ORDERED:**

1.) Defendant MDOC's Motion to Dismiss (Doc. 15) is **DENIED**.

DATED this 7th day of March, 2025.

_____
Brian Morris, Chief District Judge
United States District Court