Michael P. Talia
Erin Lyndes
JACKSON, MURDO, & GRANT, PC
203 N. Ewing
Helena, MT 59601
Phone: (406) 442-1300
Email: mtalia@jmgattorneys.com
elyndes@jmgattorneys.com

*Attorneys for Montana Department of Commerce*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORT HARRISON VETERANS RESIDENCES, LP,<br><br>Plaintiff,<br><br>v.<br><br>MONTANA DEPARTMENT OF COMMERCE, in its official capacity and as a federally designated public housing agency,<br><br>Defendant. | CV-24-37-H-BMM<br><br>**DEFENDANT'S PRELIMINARY PRETRIAL STATEMENT** |

Defendant Montana Department of Commerce ("Commerce") respectfully submits the following preliminary pretrial statement in accordance with the Local Rule 16.2(b)(1) and the Court's March 20, 2025, Order (Doc. 27):

1

## A brief factual outline of the case

Plaintiff Fort Harrison Veteran's Residences, LP ("FHVR") is a recipient of a federal housing subsidy which Commerce is the public housing authority charged with administering, for a project at Fort Harrison, Montana. The parties do not agree on certain compliance and payment requirements for this subsidy.

FHVR has a ground lease from the U.S. Department of Veterans Affairs ("VA") on the Fort Harrison VA hospital campus for the purpose of operating a federally subsidized housing project for military veterans called Freedom's Path. Freedom's Path houses veterans through the U.S. Department of Housing and Urban Development's ("HUD") Veterans Affairs Supportive Housing ("VASH") Program. With the exception of one new building built by FHVR, all of the housing units are in buildings that were built over a century ago as Army officer housing and which sat unused and unmaintained by the VA for decades.

FHVR received capital investment subsidies for the renovation of Freedom's Path through several programs and an allocation of federal tax credits, which were syndicated. The VA's ground lease is at no cost. The operation of Freedom's Path is further subsidized by Project Based Voucher ("PBV") Housing Assistance Payments ("HAP"), which are

administered by Commerce. The parties' respective rights and obligations with respect to the provision of PBV HAP, in consideration of the condition of the older units which have lead-based paint throughout them, is at the heart of this case.

The parties started working together on this project in 2017, when FHVR got its lease in place with the VA and then entered into preliminary agreements with Commerce that led to the PBV HAP contract at issue in this case. As early as 2019, Commerce notified FHVR of lead-based paint condition deficiencies at the project, to which FHVR responded by noting that corrective action had been taken. Things changed in July 2021, when Commerce received notice from FHVR's property manager that a child under the age of six who lived at the project was reported to have elevated blood lead levels.[1]

Commerce retained Thomas, Dean & Hoskins, P.C. to perform a lead risk assessment at Freedom's Path, after the parties got in dispute about whether FHVR had to commission its own risk assessment. The findings of that report were issued in May 2023 and found lead-based paint hazards of varying severity throughout Freedom's Path. Commerce has taken the

---

[1] Also called "EBLL," this is a term of art defined as part of HUD's regulations.

position that these deficiencies required correction in accordance with a certain standard in regulations promulgated by HUD, and with which standard FHVR has disagreed.  The report remains at the root of Commerce's position that HAP cannot be paid to FHVR, unless and until those deficiencies are corrected.

Commerce initially suspended HAP on individual units which had uncorrected lead-based paint hazards on a case-by-case basis, beginning in 2023.  As Commerce became dissatisfied and concerned with FHVR's response to these hazards, Commerce suspended payment of HAP on all units at Freedom's Path effective on June 30, 2024, after notice.

Since the filing of this action, FHVR and other interested parties have obtained additional lead risk assessments and undertaken to have a hazard mitigation plan prepared.  The parties continue to discuss what actions are required or appropriate.

**The basis for federal jurisdiction and for venue in the division**

Federal jurisdiction is based upon the Court's federal question jurisdiction, in that this dispute is based on the application of federal statutes and regulations related to the execution of federal funds.  FHVR alleged diversity jurisdiction, however at the time the complaint was filed, according to Commerce's records, the amount in controversy in the form of

suspended and unpaid HAP, was less than $75,000.00.  By today's date, that amount exceeds $75,000.00.  Commerce does not object to the exercise of diversity jurisdiction.

**The factual basis of each claim or defense advanced by the party**

Commerce alleged seven affirmative defenses, each of which is addressed in turn, below:

**First (Failure to state a claim)** – There were, and still are, chipping and peeling lead-based paint hazards at the project.  These lead-based paint hazards have caused exceedances in the amount of allowable lead dust in units and common areas throughout the property.  The presence of these lead hazards drives the application of the federal statutes and regulations which require FHVR to render the hazardous conditions safe and further preclude Commerce from providing HAP if the hazardous conditions are not rendered safe.

**Second (Privilege to inspect)** – The existence of the PBV HAP contract and Commerce's PHA Administrative Plan drive the application of 24 C.F.R. § 983.103(e), paragraph 8.b.5 of the PBV HAP contract, and Commerce's 2025 PHA Administrative Plan at page 17-16.

**Third (Privilege to withhold payment)** – There were, and still are, chipping and peeling lead-based paint hazards at the project.  These lead-

5

based paint hazards have caused exceedances in the amount of allowable lead dust in units throughout the property. The presence of these lead hazards drives the application of the federal statutes and regulations which require FHVR to render the hazardous conditions safe and further preclude Commerce from providing HAP if the hazardous conditions are not rendered safe. Commerce was therefore privileged, and even required, to withhold HAP, for units with individual violations, or all units, based on the condition of FHVR's property, which violated HQS, pursuant to 24 C.F.R. § 983.208, paragraph 15 of the PBV HAP contract, and PIH Notice 2023 - 06.

**Fourth (FHVR's failure to remedy)** – Several lead risk surveys or assessments have been performed at the property identifying lead hazards: Terracon prepared a lead-based paint survey for FHVR in 2017, Northern Industrial Hygiene performed a soil risk assessment for FHVR in 2021, TD&H Engineering performed a risk assessment on behalf of the Montana Department of Commerce in 2023, NewFields performed a soil risk assessment for FHVR in 2023, Tetra Tech performed a risk assessment for the VA in 2024, and NewFields performed a risk assessment for FHVR in 2024.

**Fifth (FHVR's notice of EBLL)** –Tamarack Property Management received actual notice of the elevated blood lead level of Toddler A on or

6

about September 28, 2021, as reflected in an incident report which was completed by Mackenzie Roberts on September 28, 2021, and as confirmed by records provided by the Lewis and Clark County Public Health Office.

**Sixth (Lack of consideration or failure of condition precedent)** – The conditions at Freedom's Path were not in compliance with applicable Housing Quality Standards when Commerce stopped HAP to FHVR. Compliance with Housing Quality Standards is both consideration for the HAP Contract and a condition precedent to payment.

**Seventh (Estoppel or mistake)** – FHVR and its agents represented to Commerce, through correspondence from Northern Industrial Hygiene which are attached to FHVR's Complaint, that lead-based paint hazards were addressed in accordance with HQS, however it now appears that FHVR took some lesser actions to address the lead-based paint hazards than what Commerce was led to believe. Commerce was acting in reliance on the representations by FHVR and unable to discern through inspections whether FHVR's representations were accurate.

**The legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority**

Commerce alleged seven affirmative defenses, each is addressed in

turn, below:

**First (Failure to state a claim)** – FHVR has misconstrued the applicable statutes and regulations which, when applied to the facts alleged, show that FHVR is not entitled to the relief it requests.

**Second (Privilege to inspect)** – 24 C.F.R. § 983.103(e) authorizes inspections of HAP subsidized property by a Public Housing Authority as necessary to ensure Housing Quality Standards compliance.

**Third (Privilege to withhold payment)** – 24 C.F.R. § 983.208 authorizes a Public Housing Authority to withhold HAP, for units with individual Housing Quality Standards violations, or all units in a project, when those standards are not met.

**Fourth (FHVR's failure to remedy)** – 24 C.F.R. § 983.101 requires PBV subsidized housing units to comply with Housing Quality Standards and the Lead Safe Housing Rule, which in turn require lead-based paint in units, common areas, building exteriors, and grounds, to be in a safe condition.

**Fifth (FHVR's notice of EBLL)** – 24 C.F.R. § 35.715 and PIH Notice 2017-13 require a PBV supported property owner to take certain actions, including inspections, upon receiving notice of an elevated blood lead level in a resident child under the age of 6.

**Sixth (Lack of consideration or failure of condition precedent)** – A party to a contract is entitled to rescind a contract when the other party's consideration fails. Mont. Code Ann. § 28-2-1711. A party to a contract must perform all of its obligations under the contract which are conditions to the other parties' performance, before the other party can be liable for breaching its obligation to so perform. *Id*. at § 28-1-406. These statutory rules are consistent with the restatement of common law in Sections 237 and 239 of the *Restatement (Second) of Contracts*.

**Seventh (Estoppel or mistake)**– Mistake is a belief in the existence of a fact material to a contract which is not caused by a neglect of a legal duty on the part of the mistaken party. Mont. Code Ann. § 28-2-409. Mistake is a basis for rescission of a contract. *Id*. at § 28-2-1711. These statues are consistent with the restatement of common law in Sections 153 and 154 of the *Restatement (Second) of Contracts*. The Montana Supreme Court, "…has held that a party asserting promissory estoppel must prove four elements: a clear and unambiguous promise, reliance by the promisee, reasonableness and foreseeability of the reliance, and resulting injury to the promisee. *Turner v. Wells Fargo Bank, N.A.*, 2012 MT 213, ¶ 24, 366 Mont. 285, 291 P.3d 1082 (citing *Keil*, 188 Mont. at 462, 614 P.2d at 506)." *S & P Brake Supply, Inc. v. STEMCO LP*, 2016 MT 324, ¶ 44, 385 Mont.

488, 385 P.3d 567. Again, these state law concepts are consistent with the restatement of common law in Section 90 of the *Restatement (Second) of Contracts*.

**A computation of damages**

Commerce asserts that FHVR has suffered no compensable damages.

**The pendency or disposition of any related state or federal litigation**

While there is other litigation in this Court related to the subject PBV housing project, Commerce asserts that the issues in this case of the applicable Housing Quality Standards and HAP Contract obligations for PBV housing are so narrow as to render the other cases unrelated.

**Proposed additional stipulations of fact not included in the Statement of Stipulated Facts and the parties' understanding as to what law applies**

No additional stipulations of fact are offered by Commerce at this time. Commerce understands that substantive federal law applies to FHVR's claim for declaratory relief (Count II) and the substantive contract law of the State of Montana applies to FHVR's breach of contract claim (Count I). The application of state law to a HAP contract dispute does not appear to be a settled issue of law. *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 848 F.3d 822, 828 n.4 (7th Cir. 2017) (Stating in

a footnote "Although we characterized the plaintiffs' complaint as presenting 'state-law breach-of-contract claims,' we did not address whether Wisconsin law should be applied.").

**Proposed deadlines relating to joinder of parties or amendment of the pleadings**

June 20, 2025.

**Identification of controlling issues of law suitable for pretrial disposition**

Commerce believes legal issues concerning the applicable Housing Quality Standards regulations to this Project Based Voucher Project, Commerce's inspection rights at the project, and Commerce's remedies for Housing Quality Standard violations are suitable for pretrial disposition on motion based on the parties' stipulations of fact.

**The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request**

<u>Current or former employees of Commerce in the care of the undersigned counsel:</u>

<u>Cheryl Cohen</u>, housing division administrator

<u>Kelly Shields</u>, rental assistance programs manager

<u>Joy Langstaff</u>, Project based Section 8 supervisor

Rob Smith, HQS Inspector

Amber Fields, HQS Inspector and quality control specialist

Connie Mullikin, former Section 8 contract manager until February 2020

Bruce Brensdal, former housing division administrator until June 2020

Leslie Torgerson, Section 8 program manager until October 2021

Jason Krebs, former Section 8 contract manager until August 2022

Diana Collver-Vanek, former project based Section 8 supervisor until November 2022

Logan Smith, former site specific and special programs supervisor until March 2024

Stephanie Crider, former Housing Choice Voucher supervisor until February 2024

These individuals may have knowledge or information related to the HAP contracting process, Commerce's inspections of Freedom's Path, Commerce's communications with FHVR and its agents, and Commerce's payment (and withholding) of HAP.

FHVR's current of former employees or agents in the care of FHVR's counsel:

Don Paxton

Craig Taylor

Karen Weeks

Douglas Mellen

William Taylor

Robert Smith

These individuals may have knowledge or information related to FHVR's acts to develop and rehabilitate unites at Freedom's Path, HAP contracting process, condition of units at Freedom's Path, and Commerce's payment (and withholding) of HAP.

Leslie Holz, U.S. Dept. of Veterans Affairs, 3687 Veterans Dr., Fort Harrison, MT 59636, 447-7121, may have knowledge of the initial environmental assessment for Freedom's Path and general environmental conditions on the VA Montana campus.

Zachary Urban, HUD Region VIII, Director, Denver Field Office of Public Housing, 1670 Broadway, Denver, CO 80202, (303) 672-5372, may have knowledge of Commerce's communications regarding FHVR and concerns regarding HQS compliance.

Tara Radosevich, HUD Office of the DAS, 451 7th St. SW, Washington, DC, 20410, (612) 370-3009, may have knowledge of Commerce's communication regarding FHVR and concerns regarding HQS

compliance.

Warren Friedman, HUD Office of Lead Hazard Control and Healthy Homes, 451 7th St. SW, Washington, DC, 20410 (202) 402-7574, may have knowledge of Commerce's communication regarding FHVR and concerns regarding HQS compliance.

Melanie Carlin and other employees or agents of 406 Properties, P.O. Box 754, Helena, MT 59624, may have knowledge of site conditions at Freedom's Path.

Mackenzie Roberts and other employees or agents of Tamarack Property Management, 2929 3rd Ave. N. Ste. 538, Billings, MT 59101, 252-3773, may have knowledge of site conditions at Freedom's Path.

Jared Barton, Tailor Hamilton, and Kyle Smith, Cornerstone Residential, 1525 N. Main St., #105, Bountiful, UT 84010, (801) 296-6002, may have knowledge of site conditions at Freedom's Path.

Drenda Neimann, Beth Norberg and Valeri Stacey, Lewis and Clark County Public Health Office, 1930 9th Ave., Helena, MT 59601, 457-8900, may have knowledge of minor child EBLL, environmental assessment of Freedom's Path, and community outreach regarding lead hazards.

Dr. Thomas Strizich, St. Peter's Health, 2475 Broadway, Helena, MT 59601, 457-4180, may have knowledge of the minor child EBLL.

Ryan Rector, presumed to be in Helena, MT, may have knowledge of the minor child EBLL.

Erik Hayes and Cindy Baldwin, Terracon 212 Zoot Way, Ste. B, Bozeman, MT 59718, 586-2687, may have knowledge of site conditions at Freedom's Path.

Peter Klevberg and Corey League, Thomas Dean & Hoskins, 1800 River Dr. N., Great Falls, MT 59401, 761-3010, may have knowledge of site conditions at Freedom's Path.

Todd Schneider, Northern Industrial Hygiene, 201 South 30th St., Billings, MT 59101, may have knowledge of site conditions at Freedom's Path.

Scott Rogers and Sonia Rogers of ES Environmental, P.O. Box 7010 Bozeman, MT 59771, 587-0193, may have knowledge of site conditions at Freedom's Path.

Robert Herman, Jr., Gregory Brownell, and Nathan Woodruff, Tetra Tech, 7100 Commercial Ave. Ste. 4, Billings, MT 59101, 248-9161, may have knowledge of site conditions at Freedom's Path.

Michael Kelly, Laura Pfister, Wilhelm Welzenbach, New Fields Companies, 700 SW Higgins Ave, Ste. 15, Missoula, MT 59803, 549-8270, may have knowledge of site conditions at Freedom's Path.

Tim Meldrum, SMA Architects, 920 Front St., Helena, MT, 442-4933, may have knowledge of site conditions at Freedom's Path and rehabilitation work performed by FHVR.

**The substance of any insurance agreement that may cover any resulting judgment**

No insurance is applicable to this dispute.

**The status of any settlement discussions and prospects for compromise of the case**

Settlement discussions have occurred and are ongoing.

**Suitability of special procedures**

Commerce does not believe special procedures are appropriate in this case.

DATED this 28th day of March, 2025.

JACKSON, MURDO, & GRANT, PC

By: _____
Michael P. Talia
*Attorneys for Montana Department of Commerce*

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document was served on the following individuals using the court's CM/ECF system on the 28th day of March, 2025.

Jeffrey M. Roth
Michael Green
CROWLEY FLECK PLLP
305 South 4th St E, Suite 100
Missoula, MT 59801

Aaron M. Danzig
Orlando J. Cabrera
ARNALL GOLDEN GREGORY LLP
171 17th St., NW, Suite 2100
Atlanta, GA 30363-1031

                                                                   _____
                                                                  Michael P. Talia