Jeffrey M. Roth
Michael Green
CROWLEY FLECK PLLP
101 E. Front Street, Suite 301
Missoula, MT 59802
Telephone: (406) 523-3600
jroth@crowleyfleck.com
mgreen@crowleyfleck.com

Aaron M. Danzig (*Pro Hac Vice*)
Orlando J. Cabrera (*Pro Hac Vice*)
ARNALL GOLDEN GREGORY LLP
171 17th St., NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8504
aaron.danzig@agg.com
orlando.cabrera@agg.com

*Attorneys for Plaintiff Fort Harrison Veterans Residences, LP*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| FORT HARRISON VETERANS RESIDENCES, LP, | CV 24-37-H-BMM |
| *Plaintiff*, | **PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |
| v. | |
| MONTANA DEPARTMENT OF COMMERCE, in its official capacity and as a federally designated public housing agency, | |
| *Defendant*. | |

Pursuant to the Court's Order dated March 20, 2025 (Doc. 27), Federal Rule of Civil Procedure 16(c)(2), and Local Rule 16.2(b)(1), Plaintiff Fort Harrison Veterans Residences, LP (FHVR) files its statement as set forth below.

## A.    BRIEF FACTUAL OUTLINE OF THE CASE.

FHVR has alleged two claims against Defendant Montana Department of Commerce (MDOC), in its official capacity as a federally designated public housing agency. First, FHVR alleges that MDOC breached a contract between the parties by failing and refusing to pay FHVR required payments under the contract since April 2023. Second, FHVR seeks declaratory judgment that MDOC applied incorrect HUD regulations related to Housing Quality Standards and Lead-Based Paint Housing Rules when determining that the housing units operated by FHVR did not comply with such standards and rules.

FHVR leased property owned by the Department of Veterans Affairs (VA) at the Fort Harrison, MT VA Medical Center. Under this agreement, FHVR developed or rehabilitated 42 units in 120-year old buildings on the property to rent to veterans as part of the Department of Housing and Urban Development's (HUD) Veterans Affairs Supporting Housing (VASH) program. The VASH program provides medical services, including counseling, to veterans coupled with rental assistance that is provided as long as the veterans participate in counseling. MDOC, as the public housing agency, administers payment of the rental assistance

while the VA provides the services to veterans. The rental assistance program administered by MDOC for FHVR is a Project Based Voucher (PBV) program as opposed to a Housing Choice Voucher (HCV) program.

As part of the rental assistance program, FHVR and MDOC, in its role as a public housing agency, entered a housing assistance payment (HAP) contract. The HAP contract requires MDOC to pay FHVR the federal funds in MDOC's possession, which are designated for the PBV program, to cover MDOC's portion of the tenant's rent.

Prior to the veterans moving into to FHVR's rehabilitated units, FHVR obtained various lead-based paint clearances. Additionally, MDOC inspected all of the units, before and after entry of the HAP contract, to confirm that they passed federal Housing Quality Standards (HQS), including compliance with the lead-based paint clearances. Veterans began moving into the units in 2019, and MDOC initially paid the MDOC portions of those tenants' rent.

In September 2021, a tenant in one unit verbally informed FHVR's property manager that one of his children had elevated blood lead levels. Upon inspection of the unit, it was discovered that someone had pulled a cord from a wall that exposed underlying paint. FHVR undertook significant efforts to assess and mitigate the issue, including paying the expenses for that tenant's family to move to a hotel while the unit was remediated.

Months later, MDOC, in violation of federal regulations, conducted various inspections of the entire property. In February and April 2023, MDOC notified FHVR that MDOC had found that 100% of the units on the property failed on HQS grounds—despite the point that each of the units previously passed HQS. MDOC, however, applied federal HQS regulations related to HCV, not PBV, and ignored other federal regulations that excluded MDOC from the remediation process. Moreover, because the VA owns various dilapidated garages that abut some of the FHVR units along with a rubble pile composed of construction debris that is adjacent to the FHVR property, it is possible that some of the lead-based paint issues found on the FHVR property are because of the VA's failure to maintain the garages.

In April 2023, MDOC ceased making required payments under its PBV HAP contract with FHVR. MDOC claims that its refusal to honor the terms of the contract were undertaken at HUD's express direction. However, FHVR believes that is incorrect and that HUD never directed MDOC to cease honoring the terms of the HAP contract. To this day, MDOC has failed (and refuses) to pay pursuant to its obligations under the terms of the HAP contract or to provide evidence of HUD's express direction not to pay under the FHVR PBV HAP contract. Additionally, MDOC refuses to process applications for new tenants to move into

the units on the property. As a result of MDOC's failure to pay, it has breached the HAP contract.

Second, as noted above, MDOC applied lead-based paint regulations applicable to HCV programs and not PBV programs, even though the HAP contract between the parties is based on a PBV program. MDOC ignored the regulations that impose the duty to inspect, remediate and otherwise act upon FHVR. Nonetheless, FHVR started its remediation efforts immediately even though MDOC never provided evidence of elevated blood lead levels that is compliant with any applicable federal standard.

## B.    BASIS FOR FEDERAL JURISDICTION AND VENUE.

There do not appear to be any issues concerning jurisdiction and venue. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. FHVR seeks in excess of $75,000.00 in damages, exclusive of interest and costs.

Venue is proper in the District of Montana, Helena Division, because Plaintiff resides in Lewis and Clark County, Montana and a substantial portion of the events giving rise to this lawsuit occurred in Lewis and Clark County, Montana. Lewis and Clark County is part of the Helena Division of the United States District Court for the District of Montana in accordance with Local Rule 1.2(B)(4).

C.    **FACTUAL BASIS FOR FHVR'S CLAIMS.**

1.    **MDOC Failed to Comply with the Terms of Its Contract With FHVR.**

HUD enters annual contribution contracts with public housing agencies, like MDOC, that in turn enter HAP contracts under two principal and different programs, HCV and PBV, with project owners like FHVR. FHVR and MDOC's HAP Contract for PBV is such a contract. Under the terms of the PBV HAP contract, MDOC is required to make housing assistance payments to the owner of the multi-unit building(s) for units set aside for families eligible for federally assisted housing. Tenants pay a portion of the rent while MDOC pays the remainder to FHVR. Prior to tenants moving into the units, MDOC certified that the units met federal Housing Quality Standards. FHVR complied with the terms of the HAP contract. MDOC did not and continues to breach the contract by not paying HAP and not processing new tenant applications to lease available units.

2.    **MDOC Applied Incorrect Housing Quality Standards When Inspecting FHVR Buildings and Apartment Units.**

Because FHVR is part of a Project Based Voucher program, as opposed to a Housing Choice Voucher program, MDOC must utilize federal regulations related to potential lead hazards that are applicable to PBV programs. However, in conducting its inspections, and claiming that all of the units at FHVR failed those inspections, MDOC applied the incorrect standards.

**D.    LEGAL SUPPORT FOR FHVR'S CLAIMS.**

    **1.    Breach of Contract**.

FHVR brings a breach of contract claim against MDOC. Under Montana law, the elements of a breach of contract claim are: (1) a valid and enforceable contract; (2) breach of an express or implied contract duty or obligation; and (3) resulting contract damages. *Kostelecky v. Peas in a Pod LLC*, 410 Mont. 239, ¶ 41, 518 P.3d 840, 2022 MT 195.

Additionally, the VASH program and HAP contract are governed by section 1437 of the Housing Act of 1937 and 24 C.F.R. Parts 5, 35 and 983.

    **2.    Declaratory Judgment**.

28 U.S.C. § 2201 provides that, in a case of actual controversy, a court may declare the rights and other legal relations of any interested party seeking such declaration. 24 C.F.R. Part 983 contains HQS applicable to PBV programs. 24 C.F.R. Part 982 contains HQS applicable to HCV programs. While some parts of Part 982 are explicitly applicable to PBV programs as well, regulations related to lead-based paint are not.

**E.    COMPUTATION OF DAMAGES.**

    **1.    Breach of Contract**.

FHVR is entitled to the damages associated with MDOC's breach of the HAP contract. As of the filing of the complaint in June 2024, MDOC breached the HAP contract by failing and refusing to pay $107,185.46 in required payments.

That amount has increased substantially since the initial filing of the complaint in an amount to be determined because of MDOC's ongoing breach of the HAP contract.

**2.    Declaratory Judgment**.

FHVR is not seeking monetary damages under Count Two of the complaint. It is seeking a declaratory judgment as to the applicable standards regarding lead-based paint issues in PBV projects.

**F.    RELATED STATE OR FEDERAL LITIGATION.**

FHVR is aware of other related litigation before this Court, but the issues before the Court in this matter are narrow enough such that they should not impact the other litigation.

**G.    PROPOSED STIPULATIONS OF FACT AND LAW.**

FHVR declines to offer any additional proposed stipulations at this time.

**H.    PROPOSED DEADLINES FOR JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS.**

June 20, 2025, as set forth in the Joint Discovery Plan.

**I.    CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL. DISPOSITION.**

FHVR believes certain legal issues such as the question of the applicable regulations and whether MDOC breached the HAP contract may be suitable for pretrial disposition.

**J.    INDIVIDUALS KNOWN OR BELIEVED TO HAVE RELEVANT INFORMATION.**

FHVR identifies the following individuals as people known or believed to have information that may be relevant to the claims and defenses at issue in this case. The contact information for the following individuals should be known to both parties but it can be provided upon request as necessary.

<u>Montana Department of Commerce</u>

- Cheryl Cohen – housing division administrator
- Kelly Shields – rental assistance programs manager
- Joy Langstaff – project-based Section 8 supervisor
- Rob Smith – HQS inspector
- Amber Fields – HQS inspector
- Connie Mullikin – former contract manager
- Bruce Brensdahl – former housing administrator
- Leslie Torgerson – former Section 8 contract manager
- Jason Krebs – former contract manager
- Diana Collver-Vanek – former programs manager
- Logan Smith – former program supervisor
- Stephanie Crider – former HCV supervisor

These individuals may have knowledge or information concerning the contracts at issue, related communications, related inspections, and MDOC's decisions and conduct that give rise to the claims at issue.

<u>Fort Harrison Veterans Residences, LP</u>

- Don Paxton – partner
- Karen Weeks – manager
- Scott Deaton – manager

These individuals have knowledge and information concerning FHVR's efforts to comply with the pertinent contracts and regulations as well as the damages that FHVR has incurred as a result of MDOC's breach of contract.

<u>Other Witnesses</u>

- Mark Greytak – Helena Housing Authority
- Scott Rogers – Environmental Solutions
- Chris Rinhart – Abatement Contractors of Montana, LLC
- Misty Fish – Freedom's Path, property manager
- Kenneth Garrett – B&F Construction Code Services, Inc.
- Clyde A. Ward – U.S. Department of Veterans Affairs, realty specialist
- Teresa Bell – U.S. Department of Veterans Affairs, program manager
- Dustin Koonce –VA
- Mackenzie Roberts – Freedom's Path, property manager
- Jessica Allewalt – WESTECH Environmental Services, Inc.
- Kathy Berger – director, Montana VA Health Care System
- Robert Brownell – environmental scientist, Northern Industrial Hygiene

These individuals have knowledge of the condition of the property at issue, the inspections, and/or related issues concerning the contracts and programs involved in this matter.

FHVR will identify additional individuals with knowledge in the course of discovery.

**K.    SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT.**

MDOC may have an insurance policy that provides coverage for FHVR's

claims.

**L.    STATUS OF SETTLEMENT DISCUSSIONS.**

The parties have engaged in informal settlement discussions and are

considering further negotiations.

**M.    SUITABILITY OF SPECIAL PROCEDURES.**

FHVR does not believe that this case warrants the use of any special

procedures.

DATED this 28th day of March, 2025.

CROWLEY FLECK PLLP

By: */s/ Jeffrey M. Roth*
    Jeffrey M. Roth

ARNALL GOLDEN GREGORY LLP

By: */s/ Aaron M. Danzig*
    Aaron M. Danzig

*Attorneys for Plaintiff Fort Harrison
Veterans Residences, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2025, the foregoing

document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Jeffrey M. Roth*